# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARCUS F. FINCH,

Defendant.

Case No. 23-CR-7-JPS

**ORDER**

Before the Court is Defendant Marcus Finch's ("Defendant") "request" for 2-point sentence reduction, ECF No. 49, which the Court construes as a motion. For the reasons discussed herein, the Court will deny Defendant's motion.

Defendant asks if he qualifies for his sentence to be reduced by two points, which the Court presumes to be a reference to Amendment 821, though he does not invoke it specifically. *See id.* The Court has analyzed Defendant's sentence and determined that he is not eligible for any reduction under Amendment 821.

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Nov. 17, 2025). Part A of Amendment 821 "decreases 'Status Points' by one point for

individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* Part B of Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the "Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023, the Commission voted to give retroactive effect to these portions of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited Nov. 17, 2025). Amendment 821 took effect on November 1, 2023. *Id.*

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are

---

[1]The Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary adds that such a circumstance may arise "because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 app. note 1(A).

Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to exceptions not applicable here. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant is not eligible for a reduced term of imprisonment under the Zero-Point Offender Amendment because he received six criminal history points. ECF No. 41. Defendant received six criminal history points, so he would qualify for the Status Point Amendment; but because he was sentenced after Amendment 821 took effect, he already received the benefit of the amendment. *Compare* ECF No. 29 at 21 with ECF No. 41 at 11 (showing that two status points were removed from Defendant's total criminal history score between the second and third presentence investigation reports, resulting in his criminal history score moving from eight to six). Accordingly, the Court is constrained to deny Defendant's

motion for a sentence reduction under Amendment 821, ECF No. 49, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

Accordingly,

**IT IS ORDERED** that Defendant Marcus Finch's motion to reduce his sentence under Amendment 821, ECF No. 49, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge